19011. WOOD *et al. v.* POOL *et al.*

WYATT, Presiding Justice. R. B. Wood, E. G. Giles, and S. W. Sloan filed their petition in equity against G. M. Pool, J. O. Elliott, R. H. Burrell, I. W. Nix, and Mrs. R. H. Burrell, alleging in substance that the defendants, along with other members of the Auburn Baptist Church, were attempting to sell and dispose of the present Auburn Baptist Church property and construct the church at another location. The prayers were in substance that the defendants be enjoined from disposing of the church

property, from using the name "Auburn Baptist Church," and from changing the status of the said church in any manner. The trial judge, after a hearing, sustained a demurrer to certain paragraphs of the petition, denied the injunctive relief sought by the plaintiffs, and enjoined the plaintiffs from interfering with the defendants in the use of the church property. The exception here is to that judgment. *Held:*

1. The trial judge was authorized to find, and in fact the undisputed evidence showed: that the property in question was deeded by Homer D. Freeman to John S. Blakely, A. J. Pool, B. O. Cosby, J. A. Bagwell, and T. J. Bryant, as trustees of Auburn Baptist Church on May 13, 1893, without any limitation or restrictions whatever in the deed; that the Auburn Baptist Church is governed by the congregational form of government, in which the majority vote controls all the actions taken by the church; that, at a regular conference of the church, the members of the church voted by a majority of 28 to 2 to sell the present church property and construct a new church on a new location; and that the defendants were simply attempting to carry out this mandate of the church. We have so many times held that the courts will not interfere with the affairs of a church under these circumstances that the citation of authority is unnecessary. The judgment rendered by the trial judge was the only one authorized under the evidence in this case. The plaintiffs in error cite and rely on Code § 22-408 and a line of cases, one of which is *Chatfield* v. *Dennington,* 206 *Ga.* 762 (58 S. E. 2d 842). This Code section and this line of cases have no application to the question presented here. The question there dealt with involved cases in which it was attempted to divert property from a trust. No such question is here involved for the reason that the property is to be sold and the proceeds used to erect another church, and this does not amount to a diversion of funds or property from the purpose for which it was intended.

2. The only argument presented as to the ruling on the demurrer reads as follows: "Plaintiffs in error insist that the trial court erred in sustaining demurrers to paragraphs 3, 5, and 8 of the original petition." This does not amount to an argument, and the assignment of error in so far as the ruling on the demurrer is concerned will be treated as abandoned. See *Bell* v. *Bell,* 210 *Ga.* 295 (79 S. E. 2d 524).

3. From what has been said above, it follows the judgment of the court below is not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1955—DECIDED SEPTEMBER 12, 1955.

*Otis N. Pharr, D. B. Phillips, H. E. Edwards,* for plaintiffs in error.

*Howard, Howard, Slaton & Holt,* contra.