## 21611. SANFORD v. THE STATE.

SUBMITTED APRIL 10, 1962—DECIDED MAY 7, 1962.

Armed robbery. Clarke Superior Court. Before Judge Cobb.

*Jim Hudson,* for plaintiff in error.

*D. M. Pollock, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.

ALMAND, Justice. The exception here is to a denial of a motion for a new trial based on the general and four special grounds.

The defendant Arnold Sanford was indicted and convicted for the offense of armed robbery for which he received a sentence of 15 to 20 years.

■ The issue of insanity was made by the evidence, on which subject the trial court charged. In closing the charge the trial court instructed the jury as to the various forms their verdict should take if they found for acquittal, guilty, guilty with recommendation of mercy, and guilty with a recommendation of 4 to 20 years. It is urged in special ground 1 that when the issue of insanity was charged on and raised by the evidence, there should have been an instruction as to the form the verdict should take if the jury found the defendant not guilty by reason of insanity. The objection is well founded, and it was clearly error to have failed so to charge. *Code Ann.* § 27-1503 (Ga. L. 1952, pp.

205, 206), provides: "In all criminal trials in any of the courts of this State wherein an accused shall contend that he was insane or mentally incompetent under the law at the time the act or acts charged against him were committed, the trial judge shall instruct the jury that, in case of acquittal on such contention, the jury shall specify in their verdict that the accused was acquitted because of mental irresponsibility or insanity at the time of the commission of the act. . ." This act is mandatory that the trial judge shall instruct the jury in line with the provisions of the act, and the failure to thus instruct the jury in this connection was error. *Bailey v. State*, 210 Ga. 52 (1a) (77 SE2d 511).

■ Special ground 2 urges that the court erred when it failed to charge that intent to steal is a substantial element in the commission of the offense of robbery and that such failure was prejudicial to the defendant since it took away his defense that he took the pistol for the purpose of preventing the guard from impeding his escape from the university grounds. There was no request to charge but the defendant contends that the failure so to charge was error because intent is such a vital part of the offense of robbery. With this contention we agree. *Code Ann.* § 26-2501 (Ga. L. 1957, pp. 261, 262), defines robbery as follows: "Robbery is the wrongfully fraudulent, and violently taking of money, goods, or chattels from the person of another, by force, use of an offensive weapon, by intimidation, or by sudden snatching, without the consent of the owner or person in possession or control thereof, *with intent to steal the same.* . . " (Italics ours.) Since intent to steal is a substantial element in the commission of the offense of robbery, failure so to instruct the jury was error. *McGruder v. State*, 213 Ga. 259 (3) (98 SE2d 564).

■ Special ground 3 alleges that the court erred in giving the following charge. "The law does not attempt to measure the degree of insanity which renders a man or a woman responsible for his or her acts; that is a question for the jury." In *Geer v. State*, 184 Ga. 805 (4) (193 SE 776), where the charge was in almost identical language to that given here it was held that such charge was error for the reason that the law does fix the

degree of insanity which renders a man legally responsible for his acts, that measure being, with the exception of delusional insanity, whether the accused had reason sufficient to distinguish between right and wrong in relation to the particular offense. *Hubbard v. State*, 197 Ga. 77 (3) (28 SE2d 115); *Rozier v. State*, 185 Ga. 317, 320 (195 SE 172). It was, therefore, error to so charge.

■ The final special ground complains of the trial court's charge on the law of admissions, urging that there was no evidence to warrant a charge on the subject. Upon an examination of the evidence it is clear that there was some evidence which could amount to a criminal admission as to the guilt of the defendant in regard to the charge of armed robbery. Therefore, there was evidence to authorize the charge, and it was not error to charge the law of admissions.

■ The general grounds were not argued by brief or orally in this court, and will be considered as abandoned. *Wood v. Pool*, 211 Ga. 789 (2) (89 SE2d 192).

For the reasons set out in divisions 1 through 3 above, the denial of a new trial was error.

*Judgment reversed. All the Justices concur.*