24581.   CLARK v. STATE.

Argued April 8, 1968—Decided April 22, 1968.

*Pace & Galpin, James M. Pace,* for appellant.
*Fred Hand, Jr., Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, John W. Hinchey,* for appellee.

Grice, Justice.   Two questions, whether the verdict was supported by evidence and whether certain articles should have been admitted in evidence, are for determination in this appeal.

These questions arise from the trial of Thomas Clark in the Superior Court of Decatur County for the slaying of his wife's sister and two of her grandparents.   Clark entered a plea of not guilty and sought to establish the defense of insanity at the time of the homicides.   Upon his conviction of murder with a recommendation, he was sentenced to life imprisonment.

We deal with the questions in the order set forth above.

■   In view of the defense of insanity made under the general plea of not guilty the burden was upon the defendant, under the presumption of sanity, to show by a preponderance of the evidence, but not beyond a reasonable doubt, that he was not criminally responsible at the time of the homicides.   *Rozier v. State,* 185 Ga. 317 (195 SE 172) ; *Hubbard v. State,* 197 Ga. 77 (28 SE2d 115) ; *Ross v. State,* 217 Ga. 569 (124 SE2d 280).

The test is whether the defendant had "reason sufficient to distinguish between right and wrong in relation" to the particular offense committed. *Roberts v. State,* 3 Ga. 310; *Hubbard v. State,* 197 Ga. 77, supra.   Delusional insanity is not involved here..

There was evidence from which the jury would have been au-

thorized to find that the defendant was insane at the time of the homicides. His medical history indicated that for several years his condition had been classified as one of serious mental disorder. Also, a physician, an expert in psychiatry, who examined the defendant subsequent to the homicides, swore quite positively that at the time of the examination and when he killed these persons the defendant was suffering from mental disorder and was unable to distinguish between right and wrong.

However, the jury were not required to accept the physician's opinion, but were free to arrive at their own conclusion based upon the facts and circumstances shown by all the evidence. *Choice v. State,* 31 Ga. 424 (14). In evaluating the evidence they could consider the actions and mental condition of the defendant before and after the crime. *Flanagan v. State,* 103 Ga. 619 (4) (30 SE 550); *Ross v. State,* 217 Ga. 569, 578, supra.

Also, this physician acknowledged elsewhere in his testimony that the defendant had sufficient reasoning capacity to formulate a plan for seeing his young son, whom he believed at least one of the victims was keeping him from seeing.

In considering all of the evidence the jury apparently found from the defendant's actions before and after the homicides that at the time he killed these people he knew right from wrong. We refer briefly to the salient features in this regard.

He had been gainfully employed for more than a year immediately prior to the homicides.

He planned the killings by assembling a rifle, a pistol and probably a shot gun; by starting for the home where his estranged wife, her mother, grandfather, grandmother, and young sister were living; by parking his automobile approximately half a mile away; and by walking this distance through a wooded area and a field.

He then executed the plan by a surprise and sudden entry into the home and by immediate and unprovoked firing of a rifle and then a pistol, resulting in the death of the three victims. After his wife had avoided death by a struggle with him, he fled the scene, traversed the wooded area, and was found lying in the field on his return route to his parked automobile. This flight, unexplained, was a circumstance which the jury could

consider. See *Wynne v. State,* 56 Ga. 113, 119; *Dean v. State,* 154 Ga. 533 (114 SE 809).

For the foregoing reasons, the evidence authorized the jury to find against the defense of insanity and to return a verdict of guilty.

■ Nor do we find error in the enumeration complaining of admission into evidence of a shotgun and shotgun shells. It is contended that these were not shown to have any connection with the homicides and were therefore irrelevant and prejudicial to the defendant. The shotgun was found in the house where the killings occurred. The defendant's wife testified that she thought she had seen one like it at the home where she and he had lived until their separation. The shells were found in the defendant's pockets when he was located by the sheriff shortly after the killings. Whether he brought the shotgun to the house or whether he knew it was there and had the shells to use with it, this evidence was relevant as to the defendant's motive and intent.

We find the two enumerations of error not meritorious.

*Judgment affirmed. All the Justices concur.*