## 27483. JAMES v. THE STATE.

GUNTER, Justice. The appellant was convicted in the trial court for the crime of murder, was sentenced to life imprisonment, and has appealed.

Two contentions are made here: (1) Appellant contends that the trial court committed error in admitting into evidence over his objection an incriminating statement made by him because before making the statement he had not been informed of the crime which he was suspected of having committed, and (2) the incriminating statement was not admissible because he had not been properly warned of his Miranda rights.

The facts giving rise to the murder conviction were as follows: Appellant had had a dispute with one Jimmy Jackson; appellant went home to get his gun; after getting his gun appellant found Jackson and two other parties attempting to repair a parked car; appellant fired several times into the parked vehicle and left the scene not knowing that he had hit or killed anyone; one of the persons with Jackson was killed by the gunfire; Jackson notified law enforcement officers of the occurrence; law enforcement officers located the appellant in his automobile and asked for the gun which the appellant produced from underneath the car seat; appellant was advised of his "Miranda rights" and was then asked by the law enforcement officers, "do you want to talk to us?"; and appellant then admitted shooting at the Jackson vehicle.

Appellant's contention here is that since he did not know that he had killed anyone and since he was not informed that he was suspected of having committed the crime of murder, he could not possibly have been able to intelligently determine for himself whether he wanted to make a statement or whether he wanted a

lawyer present before making a statement to law enforcement officers.

The officers asked appellant for his gun which he produced from his car, the officers then advised him of his "Miranda rights", the officers then asked him if he wanted to talk with them, and he did. We hold that under such circumstances it was not necessary for the officers to advise him of the crime with which he was suspected or would be charged in order for the appellant's incriminating response or incriminating statement to be admissible in evidence.

We have carefully studied the rule applied and the results reached in Schenk v. Ellsworth, 293 FSupp. 26 (Mont. 1968), and we conclude that the circumstances in this case do not warrant the application of the rule there applied or the results there reached.

The incriminating statement was lawfully obtained and its admission into evidence was not error.

Appellant's second contention is that he was not "properly" warned of his "Miranda rights". He contends that the State did not meet its burden of proof when it failed to introduce the "waiver card" (the card from which the Miranda rights were read) into evidence. Appellant cites no authority for requiring the "waiver card" to be introduced in evidence. We know of no such requirement. The evidence in the record shows that the appellant was "properly advised" of his Miranda rights, and there is no requirement that the card from which those rights are read by the officers be introduced in evidence by the State.

The incriminating statement was not inadmissible for failure to properly advise the appellant of his Miranda rights.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 10, 1972 — DECIDED JANUARY 4, 1973.

*J. Patrick Ward,* for appellant.

*A. Wallace Cato, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.