## 28292. PIERCE v. THE STATE.

INGRAM, Justice. Appellant was convicted of murder and sentenced to life imprisonment. His amended motion for a new trial was overruled by the trial court and this appeal presents for consideration several enumerations of error allegedly committed in the trial court requiring a new trial. *Held:*

1. The denial of a motion for psychiatric examination, filed on behalf of appellant in the trial court, is first‧asserted as error. The record discloses that appellant is indigent and was unable to pay for a psychiatric examination. Appellant refused to submit to a medical examination by two local physicians offered by the trial court without expense to appellant. There is no evidence establishing the medical examinations suggested by the trial court would be inadequate or otherwise substantiating the need for examination only by a psychiatrist as demanded by appellant. We hold this enumeration of error is not a meritorious ground for a new trial in this case. See *Roach v. State,* 221 Ga. 783 (1) (147 SE2d 299).

2. Appellant also asserts as error that a prospective juror placed appellant's character in issue by referring to appellant as an "ex-con" when the juror was being questioned on voir dire. The record fails to show all of the circumstances of this occurrence. It is incumbent upon appellant to demonstrate reversible error from the record and it has not been done as to this enumeration of error. The control of voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion. *Whitlock v. State,* 230 Ga. 700 (5) (198 SE2d 865). No abuse of the trial court's discretion has been shown in this case.

3. Other enumerations of error complain of the admission into evidence of various in-custodial statements, together with a confession made by appellant, and a pistol alleged by the state to have been the murder weapon. Appellant's counsel argues that the "totality of the circumstances" surrounding these

incriminating statements and confession show they were involuntary and that recovery of the alleged murder weapon (the pistol) by the law officers resulted from coercion of appellant. At defense counsel's request, a Jackson v. Denno hearing was conducted by the trial court out of the jury's presence. The evidence presented at that hearing shows in part that appellant was first arrested in Emanuel County for theft on a warrant issued in Jefferson County. Appellant was then brought to Jefferson County and afterwards returned to Emanuel County on another warrant issued by the State Board of Pardons and Paroles. While appellant was in the Emanuel County jail, he was questioned by the Sheriff of Appling County about the location of a certain .32 calibre Smith & Wesson pistol. The Appling County Sheriff testified at the Denno hearing before the trial court that appellant was fully advised of his rights and voluntarily accompanied and directed the sheriff and others to a location where the pistol was found. Subsequently, appellant was removed to the Appling County jail where he was once more questioned after again being advised of his rights. During this questioning, appellant admitted robbing and shooting the victim in this case. The trial court concluded, after a lengthy hearing out of the jury's presence, that the various statements of appellant were admissible at the trial as appellant was advised of his constitutional rights before he made the statements; that appellant was not offered any hope of reward, and that the statements he made were given freely and voluntarily. See Miranda v. Arizona, 384 U. S. 436, 444 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974) and *Blair v. State,* 230 Ga. 409 (3) (197 SE2d 362). This court will not reverse the trial court's determination after an adequate Denno hearing if there is evidence to support the trial court's decision. See, in addition to the cases cited above, the case of *James v. State,* 230 Ga. 29, 30 (195 SE2d 448). We conclude the evidence was sufficient to authorize the trial court's determination in this case.

4. Georgia's bifurcated trial procedure in felony cases requiring a guilt or innocence determination followed by a punishment determination, in the event of a guilty verdict by the jury, is also complained of in this appeal. Appellant insists this statute should be applied only in a case "where a sentence of a number of years is involved" and not in a capital felony case. There is no merit in this contention. Code Ann. § 27-2534, as revised in 1973, provides that at the conclusion of *all* felony cases, a pre-

sentence hearing must be held following a jury verdict of guilty. The jury then retires a second time to determine punishment. The statute is clear and unambiguous in requiring a two-step procedure in all felony cases and it was proper for this procedure to be followed in the present case.

5. Appellant also asserts as error the failure of the trial court to give in charge to the jury the entirety of Code Ann. § 27-1503, dealing with acquittal because of insanity. The provisions of this section require, in all criminal trials wherein an accused contends he was insane or mentally incompetent at the time the acts charged against him were committed, that the trial judge instruct the jury to specify in their verdict that an acquittal on account thereof is because of such insanity or incompetency. The Code section contains other provisions relating to the duty of the judge in such instances and also deals with the hospitalization of the accused. It would be inappropriate to give the entire section in charge to the jury and the trial court properly did not do so. We find no error in the charge given by the trial court required by this provision of the Code.

6. The trial court's charge on intoxication is complained of in the final enumeration of error as being confusing to the jury. Appellant argues the jury should have been instructed that "intoxication brought about by delusion or insanity" is not voluntary intoxication under the law. The trial court gave appellant's request to charge on insanity. Appellant did not request any additional instruction on the intoxication charge given by the trial court. The instruction on intoxication given to the jury in charge was taken from the statutory law on criminal responsibility and intoxication found in Code Ann. § 26-704. There is no merit in this enumeration of error.

The evidence is sufficient to support the conviction, and, finding no error, we affirm the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 9, 1973 — DECIDED FEBRUARY 18, 1974.

*Alvin Leaphart,* for appellant.

*Glenn Thomas, Jr., District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr., Deputy Assistant Attorney General,* for appellee.