## 28927. HULSEY v. THE STATE.

PER CURIAM.

The appellant was convicted for having committed three murders, all of them having occurred practically simultaneously, and he has appealed. He was sentenced to life imprisonment. His sole defense in the convicting court was insanity at the time of the commission of the homicides.

Eight alleged errors have been enumerated in this court. We have examined all of them very carefully; we conclude that all of them, individually and collectively, do not warrant a reversal of the judgment below; and we affirm the trial court's judgment.

We deem it appropriate to treat only two of the enumerated errors in this opinion.

1. The contention is made that the evidence does not support the finding of the jury that the appellant was not insane at the time of the commission of the homicide. The evidence on this issue, though in conflict, was very close. A psychiatrist testified that, in his opinion, appellant did not know right from wrong at the time of the commission of the homicide. Another psychiatrist testified that, in his opinion, appellant probably did not know the difference between right and wrong at the time of the commission of the homicide. Lay witnesses testified to the contrary. We conclude that the evidence was sufficient to support the verdict of guilty rendered by the jury, and the evidence here did not require a verdict of not guilty by reason of insanity. See *Grace v. State,* 231 Ga. 113 (200 SE2d 248) (1973); *Guest v. State,* 230 Ga. 569 (198 SE2d 158) (1972); *Clark v. State,* 224 Ga. 311 (161 SE 2d 836) (1968); and *Ross v. State,* 217 Ga. 569 (124 SE2d 280) (1962).

2. The other enumerated error relates to the charge of the court. The trial judge charged the jury the

provisions of Code Ann. §§ 27-1503, 88-506.7. These statutes prescribed the actions to be taken by the trial judge if a jury returns a verdict of not guilty by reason of insanity. The appellant argues that charging these statutes in their totality puts pressure on a jury to bring in a finding of guilty, and that such a charge is harmful error requiring a reversal. The state argues that charging these statutes in full amounts merely to an explanation of the meaning of a verdict of "not guilty because of mental irresponsibility or insanity at the time of the commission of the act," and that charging these statutes in their entirety is not harmful error.

In *Sanford v. State,* 217 Ga. 825 (125 SE2d 478) (1962) this court held that it is mandatory to charge the first part of Code Ann. § 27-1503 relating to the form of the jury's verdict in an "insanity at the time of the commission of the act" case. In *Sanford* the remainder of Code Ann. § 27-1503 was not involved or alluded to.

However, in *Pierce v. State,* 231 Ga. 731 (204 SE2d 159) (1974) only the first part of Code Ann. § 27-1503 was charged, and the appellant in that case argued that the trial court committed error in not charging this statutory provision in its entirety. *Pierce* pointed out that this statutory provision contains matters not pertinent to the jury's determination of guilt or innocence and said: "It would be inappropriate to give the entire section in charge to the jury and the trial court properly did not do so."

Therefore, we must answer the question: Though we have said it is inappropriate to charge the latter part of Code Ann. § 27-1503, relating to the consequences of such a verdict by the jury, does the charging of the latter portion of the statute amount to harmful error requiring a reversal? We conclude that charging the latter part of Code Ann. §§ 27-1503 and 88-506.7 in such a case, though inappropriate, does not amount to harmful error requiring a reversal of the judgment.

We point out that the better practice is to charge only the mandatory part of Code Ann. § 27-1503 as stated in *Sanford v. State,* supra.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

SUBMITTED AUGUST 9, 1974 — DECIDED NOVEMBER 26, 1974.

*Pittman, Kinney, Kemp, Pickell & Avrett, H. Greely Joiner, Jr., Barnes & Little, Thomas M. Fin,* for appellant.
*Samuel J. Brantley, District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.

GUNTER, Justice, dissenting.

The only issue in this case in the trial court was the mental capacity or mental incapacity of the appellant at the time of the commission of the homicides. A portion of the charge of the court to the jury, not enumerated as error in this court, was: "While the burden of proof is on the defendant to establish this defense of insanity by a preponderance of the evidence, you would if you have a reasonable doubt as to his sanity at the time of the acts charged against him were committed you should give him the benefit of such doubt and acquit him on both grounds."

It is my view that this charge placed the burden of proof on the appellant with respect to the only issue for decision by the jury in the case. This was, in my opinion, a burden-shifting charge, violative of procedural due process of law, and it amounts to an error of constitutional dimension.

I do not fault the trial judge for giving this charge, because it was approved by this court in *Grace v. State,* 231 Ga. 113 (200 SE2d 248) (1973). However, I dissented in *Grace,* saying; "In a criminal case, I think that it is erroneous for a court to charge a jury that an accused has 'the burden' of proving anything." P. 118. Also, I joined the dissenting opinion of Mr. Justice Ingram in *Morgan v. State,* 231 Ga. 280 (201 SE2d 468) (1973) in which he said: "The defendant relied on a defense of insanity at the time of the commission of the crimes. The trial court charged the jury that the defendant had the burden of establishing his insanity by a preponderance of the evidence. . . This error is of constitutional gravity and cannot be ignored. The reasons that I regard this in-

struction to be error are set forth in some detail in my dissent in *Grace v. State,* 231 Ga. 113, and will not be repeated here."

I would therefore reverse the judgment in this case because the burden-shifting charge was constitutionally erroneous.

I respectfully dissent.