## 53554. PRINTUP v. THE STATE.

McMURRAY, Judge.

On November 18, 1975, defendant was tried simultaneously on two separate indictments of attempted burglary and attempted rape. These offenses were alleged to have occurred at separate times and places and on separate dates. He was found not guilty of the offense of attempted burglary by reason of insanity but was found guilty of the attempted rape. He was sentenced to serve a term of 10 years to run consecutively with that of another case. Motion for new trial was filed and denied. Defendant appeals. *Held:*

1. A number of the enumerations of error deal with allegedly erroneous instructions as to reasonable doubt, the role of the jury in getting the law from the charge and the facts from the witnesses, the credibility of witnesses, the duty of the jury to reconcile conflicts in evidence, and the form of the verdict to be returned. We have carefully scrutinized the instructions of the court on the law and find in all respects the charge was appropriate to the issues, stated correct principles of law, and adequately

informed the jury of the legal guidelines necessary to decide the issues. The charge was sufficiently clear to be understood by jurors of ordinary capacity and understanding. See *Merritt v. State,* 110 Ga. App. 150, 153 (137 SE2d 917); *Hardin v. State,* 141 Ga. 115 (2) (232 SE2d 631).

2. The apparent slip of the tongue in defining the crime of rape (Code § 26-2001) in which the court used the word "and" instead of "in" fails to show such harmful error as to require a reversal.

3. The court after charging the attempt statute (Code § 26-1001) then charged that a person may be convicted of criminal attempt if the crime attempted was actually committed in pursuance of the attempt (Code § 26-1004). Defendant contends there was no evidence of the completed crime, but the evidence shows otherwise. This enumeration is without merit.

4. The criticisms offered as to the court's charge as to insanity and the law with respect thereto fail to show harmful error. The use of words and phrases not in keeping with the language of Code § 26-702 (lacking mental capacity to distinguish between right and wrong) as to insanity and mental incompetency cannot be said to be harmful to the defendant. Nor was the jury confused as to the instructions as to insanity since defendant was found not guilty of one of the charges against him by reason of insanity. The better practice is not to give the jury instructions as to all of the provisions of Code Ann. § 27-1503 (Ga. L. 1952, p. 205; 1972, p. 848) as to the actions to be taken by the trial judge if a jury returns a verdict of not guilty by reason of insanity. It is mandatory to charge the first part of Code Ann. § 27-1503, supra, relating to the form of the jury's verdict. See *Sanford v. State,* 217 Ga. 825 (125 SE2d 478); *Pierce v. State,* 231 Ga. 731 (204 SE2d 159). But, while inappropriate, it has been held not to be harmful error requiring a reversal when the court charges this entire language. See *Hulsey v. State,* 233 Ga. 261, 262 (210 SE2d 797). None of the enumerations of error complaining of these instructions is meritorious.

5. The next enumeration of error to be considered concerns the giving of a burden of persuasion charge as to insanity by charging the burden shifts to the defendant to

prove by a preponderance of evidence his affirmative defense of not guilty by reason of insanity. Our Supreme Court in *State v. Moore,* 237 Ga. 269 (1) (227 SE2d 241) (July 16, 1976) has held that "henceforth charges which place any burden of persuasion upon the defendant in criminal cases shall not be given and such charges will be deemed erroneous and subject to reversal, absent harmless error and invited error." See *Moore v. State,* 138 Ga. App. 902 (227 SE2d 809). The Supreme Court in *State v. Moore,* supra, further held that, "this conclusion is prospective and applies only to cases tried after the final date of this decision." See also *Davis v. State,* 237 Ga. 279 (1) (227 SE2d 249); *Thornton v. State,* 139 Ga. App. 483 (5) (228 SE2d 919). It was not error to give this charge at the time of the trial in the case sub judice, and we therefore decline to make a retroactive application of the current holdings as to the burden of persuasion in criminal cases. Furthermore, a review of the entire charge and the record removes any possibility that the jury interpreted the charges as contended by the defendant since the jury found "the defendant not guilty by reason of insanity" on the attempted burglary offense tried simultaneously with the case sub judice.

6. Since there was evidence of flight, the court did not err in charging the law as to flight. The enumeration of error complaining of this instruction is not meritorious.

7. The charge as to the alleged confession, admission or incriminating statement, was not subject to the complaint that the court should have instructed the jury it could disregard it if the defendant was not told he had a right at any time during interrogation to stop answering questions. *Stapleton v. State,* 235 Ga. 513 (1) (220 SE2d 269) does not hold such failure as being error.

8. By stipulation of the parties it was agreed that the court could read a statement by the defendant to the jury, deleting certain vulgarity. The statement was read, and the court stated: "Let the record show that counsel for the Defendant, and the Defendant himself agreed in open Court and stipulated that the Court could read all of the foregoing material in the presence of the jury." Following colloquy between the court and counsel, the court then stated: "That stipulation is entered that the vulgarity

which was extreme was omitted." Defendant made no objection. His contention that the court misquoted the stipulation by telling the jury, "the vulgarity . . . was extreme," will not cause a reversal where no objection or motion for mistrial was made. *Pulliam v. State,* 196 Ga. 782 (6, 7) (28 SE2d 139); *Calhoun v. State,* 210 Ga. 180 (3) (78 SE2d 425).

9. Having considered each and every alleged error properly argued and not waived either expressly or under Rule 18 (c) (Code Ann. § 24-3618) as to structure and content, and finding no reversible error, the judgment must be affirmed.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

Submitted February 28, 1977 — Decided April 19, 1977.

*Ben Lancaster,* for appellant.
*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney,* for appellee.