### 38979. CAMP v. THE STATE.

CLARKE, Justice.

Camp was tried and convicted for the murder of Bonnie Camp Carter, his sister. He was sentenced to life in prison and appeals.

The sole issue at the trial was whether Camp was sane at the time he shot his sister. It was stipulated by the defense that Camp shot his sister and that she died as a result of the shooting. On appeal he enumerates as error (1) the trial court's example given in its charge on delusional compulsion and (2) allowing the prosecution over defense objections to examine a psychiatric expert on the issue of Camp's present mental condition as it relates to the criteria for civil commitment.

1. At trial the defense contended that the appellant was suffering from psychotic delusions concerning his sister and the shooting was the result of a delusional compulsion. The trial court gave a complete and correct charge on delusional compulsion as requested by the defense. After beginning its deliberations, the jury returned to the courtroom and requested a rereading of the charge on delusional compulsion. After recharging the jury, the court made the following statement: "I will try to give you an example somebody mentioned it — I believe we were talking about it back here somebody says well a delusional — delusional insanity would be if the person thought the devil was coming after him and if he shot at what he thought was the devil and it happened to be someone else, he would have a delusional he would be delusionally insane."

Defense counsel objected to the example given. On appeal it is contended that the example was error because it illustrates a "higher level" of delusion than the law requires. It is true that delusion urged by the defense testimony at trial did not involve the devil. However, while the example given by the court may not have been the most appropriate one possible, it was clearly only an example. The charge on the law related to delusional compulsion was correct and complete and given twice. Under these circumstances we find there was no

harmful error.

2. In support of his contention that he was suffering from a delusional compulsion the defense called Dr. Edward Iklar of the Georgia Mental Health Institute who had examined the appellant. On cross-examination the state's attorney asked Dr. Iklar if in his opinion the defendant met the criteria for civil commitment under Georgia law. The defense objected on the grounds of relevancy and prejudice. The court allowed the question. The witness answered "My understanding of that is a person has to be both mentally ill and a danger to himself or to others. At the time of the examination I would say that he was mentally ill whether he was a danger to himself or to others I cannot say. I'm inclined to think that he was not."

Code Ann. § 27-1503 provides for a form of verdict in cases where the accused defends on the ground of insanity at the time of the offense. It then goes on to describe the procedures to be followed by the trial court in the event of a verdict of not guilty by reason of insanity. It is inappropriate for the court to charge on the latter part of the section because the consequences of the verdict are irrelevant to a determination of guilt and innocence. *Pierce v. State,* 231 Ga. 731 (204 SE2d 159) (1974). In *Hulsey v. State,* 233 Ga. 261 (210 SE2d 797) (1974), we held it was harmless error for the court to instruct on the procedures to be followed if an insanity verdict is returned. In *Aldridge v. State,* 247 Ga. 142 (274 SE2d 525) (1981), we held it was not error to refuse defendant's request to charge the entire code section, again pointing out that the consequences of a verdict of insanity are irrelevant to the jury's determination of sanity.

In all felony cases, except those involving the death penalty, it is error to allow the jury to have the issue of the consequences of the possible verdicts before it while considering guilt and innocence. *Harris v. State,* 234 Ga. 871 (218 SE2d 583) (1975). In *Cook v. State,* 249 Ga. 709 (292 SE2d 844) (1982), we held that while it was error for the court to instruct on the punishment for involuntary manslaughter, the defendant could not complain because his request to charge on the lesser offense included the sentencing information.

In the present case defense counsel requested that Code Ann. § 27-1503 be given in its entirety. This was done by the trial court.

Each party, including the state in a criminal case, has a right to a thorough and sifting cross-examination. Code Ann. § 38-1705. The extent of cross-examination is largely in the discretion of the trial court but it must be confined to relevant matters. *Decker v. State,* 139 Ga. App. 707 (229 SE2d 520) (1976). Whether or not the appellant met the criteria for civil commitment prior to trial was not relevant to his defense of delusional compulsion. This evidence is only relevant and admissible in a hearing before the court after a verdict of not

guilty by reason of insanity has been returned by a jury. While it was error to allow the state to inject evidence pertaining to the consequences of a jury verdict, we hold there is no reversible error in this case where the defense itself requested the court to charge on the consequences of the verdict. See *Cook,* supra.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 16, 1982.

*John A. Dickerson,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Staff Assistant Attorney General,* for appellee.