### 41355. COOPER v. THE STATE.
(325 SE2d 137)

CLARKE, Justice.

Henry Cooper was tried in Fulton Superior Court for two counts of aggravated assault with intent to rape, kidnapping, and rape. He was found guilty but mentally ill of aggravated assault with intent to rape of Rita O'Brien and of the kidnapping and rape of Maria Johnson. He also was found guilty of simple battery of Debra Brown.[1]

Cooper, who was twenty-three years old at the time of the first assault charged, had been exhibiting signs of mental illness since the twelfth grade. During the intervening years he had numerous hospital admissions and was on medication. At the time of the first incident, he was living at a personal care home for persons with mental problems. On September 2, 1982, he attacked, beat and threatened to rape Rita O'Brien in an elevator at Grady Hospital. He told her he had a knife, although no knife was found on him. On September 8, 1982, he took Maria Johnson at knifepoint into the rest room at the Georgia State MARTA Station and raped her. On September 17, 1982, Cooper was brought to Grady Hospital for psychiatric evaluation and although handcuffed attacked a female guard, Debra Brown, who was escorting him in an elevator.

1. Under the standard set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient to

---

[1] Appellant was indicted October 19, 1982, for two counts of aggravated assault with intent to rape, kidnapping and rape. He was convicted July 8, 1983. A motion for new trial was filed August 8, 1983, and overruled December 9, 1983. The notice of appeal was filed January 6, 1984, and the record docketed in the Court of Appeals February 16, 1984. The Court of Appeals transferred the matter to this court where the record was docketed July 17, 1984. The case was submitted for opinion August 31, 1984.

convince a rational trier of fact beyond a reasonable doubt that the crimes charged were committed by appellant.

2. In his second enumeration of error appellant complains that the court erred in overruling his plea of autrefois convict based on the fact that before his trial in Fulton Superior Court he had been convicted in the Municipal Court of Atlanta of violating the city's knife ordinance. This enumeration is without merit. The record reveals that appellant failed to introduce or otherwise prove the ordinance in question. The record does contain the ticket given to appellant for violation of the knife ordinance. Although the ticket shows that the violation occurred on September 8, 1982, the date of the rape of Maria Johnson, the violation occurred not at the MARTA station, the scene of the rape, but at Grady Hospital. Therefore, the violation of the knife ordinance was an entirely separate transaction from the rape in which the knife was used to force the victim into compliance.

3. Appellant contends that the trial court erred in not granting his motion for severance of the trial of the three offenses. OCGA § 16-1-7 (b) provides if several crimes arising from the same conduct are known to the prosecutor, they must be prosecuted together except as provided in OCGA § 16-1-7 (c), which provides that the trial court may try them separately if justice requires. In *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975), this court adopted ABA Standards of severance which provide that a defendant is entitled to severance if offenses are joined simply because they are similar in nature. Examples of situations in which severance was not required are examined in *Davis v. State*, 158 Ga. App. 549 (281 SE2d 305) (1981) (in which the crimes were not only similar but evidenced a common plan or scheme); and in *Highfield v. State*, 246 Ga. 478 (272 SE2d 62) (1980) (in which the crimes alleged in the indictment were part of the same criminal transaction — i.e., murder and hindering apprehension of a criminal).

In the present case the three incidents occurred within a fifteen-day period. All involved violence against females. All occurred in the same vicinity. Two occurred in elevators at Grady. Two involved sexual violence, one being at knifepoint and the other involving the threat of a knife. As we pointed out in *Dingler v. State*, supra, offenses which are of a similar character or evidence a single transaction or scheme or plan may be joined for trial. However, the ABA Standards which we adopted in *Dingler* require that the offenses be severed on motion of defendant if their only connection is their similarity. Here the similarity reaches the level of a pattern. During September of 1982, appellant committed a series of violent attacks on women in a certain locale. These facts and circumstances authorized the trial judge to conclude that Cooper's bent of mind was such that the offenses "constituted parts of a single scheme or plan." For this

reason, severance of the crimes for trial was not required.

4. There was no error in the court's not allowing cross-examination of Maria Johnson as to the details of her civil suit against MARTA.

5. Appellant contends that the requirement of OCGA § 17-7-131 (c) that the jury be charged as to guilty but mentally ill when an insanity plea has been entered is unconstitutional as violative of equal protection. This is because upon the defendant who raises the defense of insanity is placed the additional burden of disproving mental illness. Defendants who raise other defenses based on lack of intent are not required to show evidence concerning mental illness. He also insists that the guilty but mentally ill option is so vague as to violate due process and constitutes cruel and unusual punishment in that the defendant may not receive treatment while confined.

The argument that the charge as to guilty but mentally ill places an unconstitutional burden on the defendant who has raised the insanity defense is baseless. The defendant who pleads insanity has placed his mental health in issue and inasmuch as he has presumably introduced evidence of mental illness, for the court to charge the jury that it may consider a verdict of guilty but mentally ill does not constitute burden shifting.

Appellant's contention that the guilty but mentally ill standard is so vague as to constitute a denial of due process has been recently addressed by this court in *Worthy v. State*, 253 Ga. 661 (324 SE2d 431) (1985). In that case we found that while the definition of "mentally ill" in OCGA § 17-7-131 is not a "model of specificity," the definition is sufficient to inform the jury of the meaning of a verdict of guilty but mentally ill and is not so vague as to violate due process.

The challenge to the statute on the basis that it constitutes cruel and unusual punishment is likewise baseless. Appellant argues that because OCGA § 17-7-131 (g) provides that the defendant convicted as guilty but mentally ill will be treated with funds to be appropriated the defendant may be subjected to cruel and unusual punishment because funds may not be appropriated or may run out. This argument is not only without merit but is specious.

6. Appellant's contention that the trial court erred in refusing to charge the consequences of a verdict of not guilty by reason of insanity is without merit. This is so because the provisions of the law dealing with the disposition of the case after the finding of not guilty by reason of insanity have no bearing upon the guilt or innocence of the defendant. *Aldridge v. State*, 247 Ga. 142 (274 SE2d 525) (1981); *Hulsey v. State*, 233 Ga. 261 (210 SE2d 797) (1974).

7. The enumeration of error complaining of the charge characterizing a simple battery as a misdemeanor is also without merit. Although the jury is not concerned with punishment except in a death

penalty case and to characterize a crime as a felony or misdemeanor is inappropriate, it is not harmful error requiring reversal. Cf. *Hulsey v. State*, supra.

*Judgment affirmed. All the Justices concur, except Weltner, J., who concurs specially.*

DECIDED JANUARY 17, 1985.

*Carl P. Greenberg*, for appellant.
*Lewis R. Slaton, District Attorney*, for appellee.

WELTNER, Justice, concurring specially.

I concur in the judgment, but would affirm by overruling *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975). There, our court adopted standards which had been proposed by the American Bar Association relative to severance, thus departing from a long-tenured practice of leaving the question of severance to the sound discretion of the trial judge, except as otherwise provided by statute. More recently, see *Head v. State*, 253 Ga. 429 (322 SE2d 228) (1984).

I make this suggestion because I am unable fully to comprehend the import of our adopted "Standards on Joinder Offenses," which are set out in *Dingler v. State*, supra. Apparently, joinder is permissible if the offenses "are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." Joinder is *not* permissible if "two or more offenses have been joined for trial solely on the ground that they are of the same or similar character. . . ."

The difficulty in applying this seeming contradiction to real cases is evident, I suggest respectfully, in the majority opinion, which concludes that Cooper had engaged in a series of discrete offenses, embodying differing elements and taking place over a period of 16 days — all of which, nonetheless, constituted "parts of a single scheme or plan."