## 70763. GARDNER v. THE STATE.
(334 SE2d 368)

BANKE, Chief Judge.

The defendant was indicted for aggravated sodomy and rape and was found guilty of aggravated sodomy. On appeal, he contends that the evidence was insufficient to support a finding of guilt and that his conviction of sodomy is inconsistent with his acquittal of rape. He also contends that the trial court erred in its recharge to the jury on the meaning of reasonable doubt.

The female victim testified that the defendant accosted her as she was walking home, forced her into a ditch, and committed the sexual offenses charged in the indictment. A couple who lived nearby heard a commotion and observed the defendant holding the victim's head "and making her perform oral sex on him." A police officer summoned to the scene arrived in time to see the victim struggling to free herself and heard her call for help. The defendant admitted that the sexual acts occurred but maintained that they were consensual. *Held*:

1. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty of aggravated sodomy. *Brown v. State*, 163 Ga. App. 896 (296 SE2d 185) (1982).

2. The verdicts were not repugnant, more corroboration having been presented with respect to the charge of aggravated sodomy than with respect to the charge of rape. " 'A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration.' *Sap-*

*pington v. Bell*, 115 Ga. 856 (42 SE 233) (1902)." *Frazier v. State*, 152 Ga. App. 743 (264 SE2d 35) (1979); *Gamble v. State*, 160 Ga. App. 556 (287 SE2d 593) (1981).

3. After the jury had deliberated for a period of time, the foreman requested that the jury be given a copy of the court's charge defining reasonable doubt. The court denied this request and instead repeated his previous charge on the subject and then amplified the instruction by illustration and example. Upon a careful examination of the entire recharge, we find nothing in it which may be construed as harmful error. See generally *Camp v. State*, 250 Ga. 228 (1) (297 SE2d 26) (1982); *Barron v. State*, 157 Ga. App. 186 (4) (276 SE2d 868) (1981).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Dennis R. Kruszewski*, for appellant.
*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Margaret V. Lines, Alfred Dixon*, Assistant District Attorneys, for appellee.