A01A0690. RICHARDS v. THE STATE.
(552 SE2d 114)

BLACKBURN, Chief Judge.

Following a jury trial, Rodney Richards appeals his convictions of kidnapping, rape, and aggravated assault. Richards contends that the trial court erred by (1) entering judgment on a verdict supported by insufficient evidence; (2) failing to excuse a juror; (3) failing to grant a mistrial after the introduction of an inconsistent statement made by him; (4) admitting his custodial statement as evidence; and (5) admitting certain physical evidence linking him to the crimes. For the reasons set forth below, we affirm.

1. Richards first contends that the evidence was insufficient to support the convictions.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Richards] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Ryals v. State.*[1] See *Jackson v. Virginia.*[2]

A review of the evidence, including the testimony of the victim

---

[1] *Ryals v. State,* 238 Ga. App. 578 (519 SE2d 505) (1999).
[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

and the shop owner, reveals that Richards was a customer at Doll House Lingerie, a lingerie modeling establishment. During his visit, Richards asked the lingerie model to perform oral sodomy and sexual intercourse. When she refused, Richards pulled out a gun. As the model was screaming, the owner came into the room, and Richards shot the owner during a struggle. Richards then forced the model at gunpoint to walk to his apartment nearby where he forcibly raped her. Later, Richards escorted the victim to a nearby park where he left her.

On appeal, Richards asserts that the evidence was insufficient with respect to his rape conviction because he was acquitted of the aggravated sodomy charges. In that regard, Richards argues that the convictions are inconsistent because the jury must have rejected the victim's testimony. We do not agree.

Acquittal on the aggravated sodomy charge does not preclude the findings of fact necessary for a conviction for rape. The elements of the crimes are different, and the jury could have chosen to convict on the rape charge and acquit on the aggravated sodomy charge without any inconsistency. See *Gardner v. State*[3] (conviction of aggravated sodomy not inconsistent with acquittal of rape)*; Hill v. State*[4] (physical precedent only) (same). Richards' argument concerning the sufficiency of the evidence on his rape conviction is without merit.

Richards next asserts that the evidence is insufficient with respect to his conviction for aggravated assault of the shop owner because there was conflicting evidence regarding who shot the owner during a struggle with the gun. However, an appellate court does not weigh the evidence. Conflicts in the testimony of the witnesses are a matter for the jury to decide. *Ryals*, supra.

Richards' first enumeration is without merit.

2. Richards next contends that the trial court erred in denying his motion to excuse a seated juror during trial, claiming that the juror's discomfort with the sexual nature of the issues in this case in light of the predominately male venire left the juror unable to deliberate freely and impartially, thereby requiring her dismissal from the jury.

> Whether to strike a juror for cause lies within the sound discretion of the trial court. Unless the juror holds an opinion regarding the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based on the evidence and

---

[3] *Gardner v. State*, 175 Ga. App. 787 (2) (334 SE2d 368) (1985).
[4] *Hill v. State*, 183 Ga. App. 654, 655 (1) (360 SE2d 4) (1987).

court instructions, a court need not excuse the juror for cause.

(Punctuation and footnote omitted.) *Brown v. State*.[5]

Richards does not claim, and the record does not support, a claim of juror misconduct (such as unauthorized communications among the jurors or between a juror and nonjuror concerning the case).[6] See *Hubbard v. State*[7] (noting that where a showing of juror misconduct is made, the burden rests with the prosecution to prove beyond a reasonable doubt that no harm occurred). Therefore, the burden rests with Richards to establish the denial of his right to an impartial jury by showing " '(a) actual juror partiality or (b) circumstances inherently prejudicial to that right.' " *Moore v. State*.[8] Richards failed to make this showing.

During the first lunch break of the trial, the juror expressed her discomfort to the trial judge's secretary about sitting on a predominately male jury because of the nature of the issues presented in the case. After this came to light, the trial judge questioned both the secretary and the juror in the presence of counsel and confirmed the nature of the exchange between the two. The trial judge appropriately established the juror's impartiality. The juror explained that she remained impartial and was not intimidated by any particular juror; she merely felt uncomfortable due to the subject matter of the case. The trial judge gave both counsel for the State and Richards the opportunity to ask questions of the secretary and the juror, but both declined. Richards did not carry his burden.

Under the facts of this case, we hold the trial court did not abuse its discretion in refusing to strike the juror in question. Richards' second enumeration is without merit.

3. As his third enumeration, Richards contends that the trial court erred in denying his motion for a mistrial, asserting that, on cross-examination, the State improperly introduced an inconsistent custodial statement made by him.

"We review for manifest abuse of discretion a trial court's denial of a motion for a mistrial. We will reverse the trial court's ruling only if a mistrial is essential to the preservation of the right to a fair trial." (Punctuation and footnote omitted.) *Crumpton v. State*.[9]

At trial, Richards testified in his own defense. During his testi-

---

[5] *Brown v. State*, 243 Ga. App. 632-633 (1) (534 SE2d 98) (2000).

[6] Although the juror in question communicated with the trial judge's secretary, the secretary testified under oath that the juror merely expressed her concerns about deliberating with a predominately male jury because of the subject matter of the case, nothing more.

[7] *Hubbard v. State*, 239 Ga. App. 632, 633 (1) (521 SE2d 678) (1999).

[8] *Moore v. State*, 239 Ga. App. 552, 553 (521 SE2d 467) (1999).

[9] *Crumpton v. State*, 244 Ga. App. 57, 59 (1) (a) (534 SE2d 809) (2000).

mony, Richards claimed that the lingerie model originally had the gun that was discharged at the shop. Richards further testified that the shop owner was shot when he attempted to take the gun away from the lingerie model.

On cross-examination, the State asked Richards whether he recalled telling an officer that he had a black .380 automatic handgun with him at Doll House Lingerie which he laid on the table during the session. Defense counsel moved for a mistrial, arguing that, prior to trial, the State agreed not to put this statement in the record and that there had not been a *Jackson-Denno* hearing to establish that the statement was given voluntarily prior to confronting Richards with it. In response, the State argued that its prior agreement related only to solicitation of the statement in its case-in-chief and that, on cross-examination, it was merely trying to impeach Richards' inconsistent testimony regarding the gun.

The trial court denied the motion for mistrial but required a *Jackson-Denno* hearing before the State could continue with its line of questioning concerning Richards' prior statement. After the hearing, the trial court found by a preponderance of the evidence that Richards gave his statement voluntarily. The defense did not object to the trial court's finding.

The State correctly argues that it was able to impeach Richards with his custodial statement after he testified in a manner inconsistent with the statement. Moreover, a *Jackson-Denno* hearing is not required in order to use a custodial statement in this manner. In *State v. Byrd*,[10] the Supreme Court of Georgia cited with approval a United States Supreme Court case which allowed the introduction of a defendant's custodial statement for impeachment purposes despite the fact that the statement was inadmissible in the State's case-in-chief because of a failure to properly administer *Miranda* warnings. Id. See *Harris v. New York*.[11] "The defendant may not testify contrary to his prior statement without having to come face to face with it before the jury." *Byrd*, supra at 667. Therefore, the trial court did not err in denying Richards' motion for mistrial based on the State's attempt to impeach Richards with his prior inconsistent statement.

4. Richards next contends that the trial court erred by failing to exclude his custodial, oral statement regarding ownership of the gun on grounds that the statement consisted of an incomplete summary by the police of what he said. In particular, Richards contends that the State failed to comply with the discovery requirements of OCGA § 17-16-4 (a) (1) because the State produced a summary, and not a

---

[10] *State v. Byrd*, 255 Ga. 665, 666-667 (341 SE2d 455) (1986).
[11] *Harris v. New York*, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971).

verbatim account, of the custodial question and answer session between the police and him. We disagree.

A verbatim account of Richards' oral statement was not required; all that was required was the timely production of a written summary that included all relevant and material portions of Richards' inculpatory, in-custody statements. OCGA § 17-16-4 (a) (1); see *Orr v. State*;[12] *Johnson v. State*.[13] "The purpose of [OCGA § 17-16-4 (a) (1)] is to inform the defendant in writing of all relevant and material portions of his own statements that the State intends to use to his disadvantage." *Roman v. State*.[14]

As explained in Division 3, supra, the trial court determined that Richards' statement was voluntary. Moreover, defense counsel admitted that the summary of Richards' oral statement was timely produced. The record demonstrates that the State produced the only written account of Richards' statement in its possession. Appellant was advised of the substance of the statements that the State intended to use to his disadvantage — that Richards had a black .380 handgun with him at Doll House Lingerie. The State met its obligations under OCGA § 17-16-4 (a) (1).[15]

5. Finally, Richards asserts as error the trial judge's ruling to allow State's Exhibits 3 and 4 into evidence. Exhibit 3 consisted of scarves that police found at Richards' residence. Exhibit 4 was a robe found at that same residence. Richards claims that the trial court should have excluded Exhibits 3 and 4 from evidence because they were irrelevant.

> Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court. Even though alone it may not be sufficient, evidence which in connection with other evidence tends, even slightly, to prove, explain, or illustrate a fact is probative and relevant. Doubt as to relevancy should be resolved in favor of admission and against exclusion, with the evidence's weight left to the jury.

(Punctuation and footnotes omitted.) *Wells v. State*.[16]

Here, there was sufficient testimony to establish the relevance of

---

[12] *Orr v. State*, 209 Ga. App. 832, 834 (434 SE2d 723) (1993).

[13] *Johnson v. State*, 177 Ga. App. 705, 706 (1) (340 SE2d 662) (1986).

[14] *Roman v. State*, 185 Ga. App. 32, 34 (2) (363 SE2d 329) (1987).

[15] To the extent Richards claims that the State's failure to produce a verbatim transcript of the question and answer session also violates his rights under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), his argument is without merit. "[A] defendant's own statements to police are not unknown to defendant and are not subject to discovery under *Brady*." *Fuqua v. State*, 183 Ga. App. 414, 417 (1) (b) (359 SE2d 165) (1986); *Baker v. State*, 245 Ga. 657, 661 (3) (266 SE2d 477) (1980).

[16] *Wells v. State*, 243 Ga. App. 629, 631 (534 SE2d 106) (2000).

the scarves and robe. The lingerie model testified that, after Richards assaulted and raped her, he tied her hands and feet with scarves in his apartment. The model also testified that afterward, Richards blindfolded her, clothed her in a robe, and walked her to a park nearby where he left her. Officers found the scarves and the robe at Richards' apartment. Although Richards had a different story as to what happened, he identified Exhibits 3 and 4 as his scarves and his robe. The trial court did not err in admitting Exhibits 3 and 4 into evidence for the jury's consideration.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JULY 9, 2001 —
RECONSIDERATION DENIED JULY 24, 2001.

*Moore & Dodgen, Andrew C. Dodgen,* for appellant.
*J. Gray Conger, District Attorney, Lew S. Barrow, Assistant District Attorney,* for appellee.