35718. OSBORNE *v.* THE STATE.

DECIDED JULY 15, 1955.

*James H. Dodgen,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, J. E. Thrift, Charlie O. Murphy,* contra.

GARDNER, P. J. The accusation here is based on Code § 26-6201 which provides as follows: "Whoever shall solicit another for the purpose of prostitution . . . shall be guilty of a misdemeanor." It is obvious from this Code section that for a crime to be committed thereunder at least two persons must be involved, one person to solicit another for purposes of prostitution either in his own behalf or in behalf of another, and a person to whom the solicitation is directed, and who may or may not accept the same. In this case the conduct of the officer, taking into account the place of meeting chosen by him, his repeated attempts to obtain her presence there, and his entire conversation and conduct, was such as to constitute him the person doing the soliciting, or a part of the soliciting, rather than the person receiving the solicitation. He initiated the entire transaction at a place and under circumstances where an act of prostitution might reasonably result. Under these circumstances, the defendant was justified in interpreting the words and conduct as an invitation, and her conduct amounted merely to an acceptance thereof. Therefore, the defendant was not the person who "originated the

520

intention to commit the crime or induced its perpetration," and her conviction is not supported by evidence. *Dalton* v. *State*, 113 *Ga.* 1037 (39 S. E. 468).

The judge of the superior court erred in overruling and dismissing the certiorari.

*Judgment reversed. Felton, C. J., Townsend, Carlisle, Quillian and Nichols, JJ., concur.*