40744, 40745, 40746. MERRITT v. THE STATE (three cases).

DECIDED JUNE 15, 1964—REHEARING DENIED JULY 10 AND JULY 29, 1964.

*Stow & Andrews, Robert E. Andrews,* for plaintiff in error.
*Jeff C. Wayne, Solicitor General, Frank Strickland, Jr.,* contra.

HALL, Judge. There was evidence that in October and November 1963, the Georgia Revenue Department was conducting an investigation of the illegal sale and possession of whiskey in the area of Gainesville and the officer in charge of the investigation had received several reports and complaints of violations existing at the Holiday Motel. Revenue Agent Garrett was sent to Gainesville and checked in at the Holiday Motel for the specific purpose of getting someone there to sell him some whiskey. At that time he did not know the defendant and did not know who was the bell boy at the motel. The defendant accompanied Agent Garrett to his room, assisting with his luggage. Agent Garrett testified that when they reached the room he asked the defendant if he could get him some whiskey; the defendant replied that he could get some at a price of $5.00, but he would have to go to the club after it. The agent gave the defendant the price and a $1.00 tip and the defendant went out and returned in about ten minutes with a bottle of whiskey. Officer Garrett checked in at the motel on two subsequent occasions and after some conversation with the defendant purchased whiskey in similar transactions, and gave the defendant 50 cents or 75 cents as a tip. On the second occasion other officers had the motel under surveillance and they did not see the defendant leave the premises between the time he left Agent Garrett's room and the time he returned there with the whiskey.

The defendant contends that the verdicts were not authorized because the evidence proved his defense of entrapment as a matter of law. The Georgia cases are in accord with the general view that the defense of entrapment is not successful when the conduct of the investigating officers toward the accused would not likely have "enticed into crime an unwary innocent who would otherwise have struggled within himself and resisted

ordinary temptations," but would be likely to induce only those ready and willing to commit a crime. Accardi v. United States, 257 F2d 168, 173 (5th Cir. 1958); *Bienert v. State,* 85 Ga. App. 451, 454 (69 SE2d 300); *Cherry v. State,* 98 Ga. App. 107, 109 (104 SE2d 694); *Sutton v. State,* 59 Ga. App. 198 (200 SE 225); 22 CJS 137, § 45; Anno. 55 ALR2d 1322. When the officer has simply made a request to purchase liquor and the accused evidences a ready compliance, the defense is unavailable. Jordan v. United States, 2 F2d 598 (5th Cir. 1924); Park v. United States, 283 F2d 253 (5th Cir. 1960); 55 ALR2d 1322, 1348.

We must concede that the evidence in this case authorized a finding that the officer's conduct, considered with all the facts and circumstances, did not as a matter of law violate the standard approved by the authorities cited. See Accardi v. United States, 257 F2d 168, 173, supra. The evidence does not show that the money given the defendant by the officer on the occasions when liquor was purchased was an unconscionably tempting inducement, but indicates that it was no more than a customary voluntary tip.

The rule that officers "may not induce persons, who would not otherwise have committed crime, to violate the laws and then prosecute for it" is dictated by a "sound public policy and a decent fairness." United States v. Wray, 8 F2d 429, 430 (5th Cir. 1925); Sherman v. United States, 356 U.S. 369 (78 SC 819, 2 LE2d 848); *Osborne v. State,* 92 Ga. App. 518 (88 SE2d 862). However, deceptive methods for the detection of offenders are important and necessary to suppress many criminal activities, notably the sale of narcotics. See 15 Am. Jur. 24, § 335; Anno. 33 ALR2d 883. "Nevertheless, even in ferreting out such law violators, government detection methods must measure up to reasonably decent, civilized standards for the proper use of government power. Police methods designed to tempt innocent persons into crime are as objectionable as the coerced confession and the unlawful search." Accardi v. United States, 257 F2d 168, 172, supra.

Ground 2 complains of an excerpt from the charge which stated verbatim in part and elaborated on *Code* § 58-102 which prohibits the sale of liquor, of which the defendant was accused,

as not being adjusted to the evidence, particularly that part of the charge referring to the sale of liquor as an agent for another. "Where a portion of an excerpt from the charge, complained of in its entirety, is not erroneous, the assignment of error is not good." *Bennett v. George*, 105 Ga. App. 527, 531 (125 SE2d 122); *Huckaby v. State*, 23 Ga. App. 812 (99 SE 633); *Stanley v. Squadrito*, 107 Ga. App. 651, 656 (131 SE2d 227).

Grounds 3, 4 and 5 complain of excerpts from the charge in which the court, in charging on the law of entrapment, spoke of officers "furnishing an opportunity to a criminal." The defendant contends that this was an expression of opinion by the court that the defendant was a criminal. The court was not in these instructions referring to the defendant but was charging the general law; and, giving the jury credit for ordinary intelligence, we believe they would so understand. *Adams v. State*, 125 Ga. 11 (4) (53 SE 804); *Croker v. State*, 57 Ga. App. 895, 898 (197 SE 92). Nor do we find objectionable as expressions of the court's opinion the references in the instructions on entrapment to the "victim" (complained of in ground 3); to the sale of liquor as the agent of another (complained of in ground 2); and to the question of the defendant's being "engaged in the business of selling and possessing intoxicating liquors at the time of the sale transactions" (complained of in ground 6). Even if we assume that these words and phrases were not adjusted to the evidence (which we do not hold), when considered in their particular contexts and with the whole charge, it does not appear that they would have misled a competent jury. *Holiday v. State*, 23 Ga. App. 400 (98 SE 386); *Georgia R. &c. Co. v. Shaw*, 40 Ga. App. 341 (149 SE 657); *Hodges v. State*, 94 Ga. App. 772, 776 (96 SE2d 312). "It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required." *Purdy v. Quinn*, 104 Ga. App. 385, 387 (121 SE2d 699); *Flanigan v. Reville*, 107 Ga. App. 382, 387 (130 SE2d 258); *Thurmond v. State*, 108 Ga. App. 641, 642 (134 SE2d 511).

The trial court did not err in overruling the special grounds. *Judgment affirmed. Nichols, P. J., and Russell, J., concur.*