## 52239. THORNTON v. THE STATE.

DEEN, Presiding Judge.

Frank Thornton appeals from a conviction of bribing a police officer who had been assigned to obtain background information regarding the grant of a liquor license to three persons alleging ownership of a new night club. The officer first held conversations with one of the named owners in which he informed the latter that the financial statements submitted indicated these persons did not have the capability to carry on the extensive renovations which had been performed on the premises. He testified that he was twice given $50 during the conversations, that he returned the financial statements for amendment, that he indicated his opinion that Thornton was also involved, and in answer to a question said he thought $1,000 would be a fair payment for his help. He was later told to call Thornton. The men eventually met in a car lot on October 12, 1975, where Thornton handed the officer $480 and promised another $500 when the license was granted. At this time the latter was wearing electric surveillance equipment which radioed the conversation to two listening detectives a short distance away. On October 14 the bribery indictment was handed down by the grand jury, Thornton was arrested on a bench warrant, and another conversation occurring at that time was also recorded. Prior to trial the defendant sought discovery of both tapes and suppression of evidence regarding the conversations intercepted. The various motions were denied, and these rulings are also enumerated as error.

1. While there is no statutory method of discovery in criminal cases in Georgia, due process requires that there be no suppression by the state of evidence in its files favorable to the accused. Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215). It was held in *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) that Brady does not mean there

is a burden on the state to open its file for general inspection by the defendant; that an in camera inspection of the prosecution file by the judge is sufficient, and that the appellant "has the burden of showing how his case has been materially prejudiced, even when the trial court declines to make an in camera inspection." The duty is nevertheless on the state, even in the absence of request, to disclose evidence either exculpatory or material which is noncumulative in nature and favorable to the defense. *Clark v. State,* 138 Ga. App. 266 (8) (226 SE2d 89). In the present case the trial judge listened to the tapes made on October 12 when the money changed hands, and ruled that there was no evidence therein which would have been helpful to the defendant. Tapes were also made on October 14 at the time the defendant was arrested. The defense attorney was given access to one of these but contends that a tape was missing, although this is not identified further as to content and it is difficult to tell whether he is referring to the October 12 or October 14 conversations. In any event, there is no suggestion in what way the October 14 tapes might have been material to the defense. It does appear that the court examined the entire file and that the tape under discussion was not a part of the file and was not used in evidence. Defense counsel said of it only that it would "lead to other favorable evidence that was public knowledge, made public in a news conference by Reginald Eaves," Commissioner of the Atlanta Department of Public Safety. Commissioner Eaves was called as a witness by the state and underwent cross examination based on a newspaper interview in which he apparently referred to this case. He denied any conversation in which he authorized an "entrapment" action against Thornton. Under the circumstances that the tape was not in the state's possession, was not used in the case, apparently had no value except as providing possible material for a statement by Eaves, and Eaves himself took the stand to deny there was any entrapment known to him, the discretion of the court on this issue will not be disturbed.

2. It further appears that the primary purpose of the discovery motions was to supply a basis for a motion to suppress evidence relating to these conversations on the theory that if they were illegally taped neither the

recording nor testimony of any participant to the conversation would be admissible. Without going into this area, it is clear that none of the tapes were in fact admitted in evidence. It is also clear that all of them involved face to face conversations between the defendant and another person who was in fact a police officer and whose permission to record was explicit. This does not amount to a denial of any Fourth Amendment right because "however strongly a defendant may trust an apparent colleague, his expectations in this respect are not protected by the Fourth Amendment when it turns out that the colleague is a government agent regularly communicating with the authorities. . .For constitutional purposes, no different result is required if the agent instead of immediately reporting and transcribing his conversations with defendant, either (1) simultaneously records them with electronic equipment which he is carrying on his person, Lopez v. United States [373 U. S. 427]; (2) or carries radio equipment which simultaneously transmits the conversations either to recording equipment located elsewhere or to other agents monitoring the transmitting frequency. On Lee v. United States [343 U. S. 747]." United States v. White, 401 U. S. 745, 749 (91 SC 1122, 28 LE2d 453).

There is no federal sanction against the taping of a conversation with the permission of one of the participants which would keep such participant from testifying to the content of the conversation. That the same rule applies in Georgia is illustrated by *Orkin v. State,* 236 Ga. 176 (223 SE2d 61), where conversations of Bowen, an accomplice of the defendant, were taped by police officers posing as co-conspirators. "Thus, when Bowen spoke by phone with [the detectives] he was not justified in his expectations of privacy. The recordings of those conversations were not obtained illegally and were admissible into evidence. Whether the conversation be face-to-face, or via telephone, Bowen's expectations of privacy were the same. Bowen has no Fourth Amendment right to silence [the detectives] or to exclude recordings of conversations he had with them and which they could relate in their testimony." Id., pp. 183, 184. Face-to-face communications are included in the consent exceptions to

the electronic surveillance prohibitions of Code § 26-3006.

3. We agree with the defendant that after he had been indicted on October 12 and arrested on October 14, he was entitled to the presence of counsel at all prosecutorial investigations. However, the recording of the defendant's conversation with an officer at or shortly preceding his arrest was not introduced in evidence, there was no testimony concerning its tenor, and no contention that any new incriminatory information was garnered. The point urged by the defense was that its existence inhibited the defendant from offering testimony because of fear of impeachment. The obvious inference here is that either the defendant made false statements in the conversation which he would have difficulty explaining or that he might like to offer contradictory testimony at the trial. Since the purpose of a trial is to ascertain the truth, it is obvious that neither of these reasons is legally sufficient to show prejudice to the defendant's fair trial rights.

4. It is well stated in Sherman v. United States, 356 U. S. 369 (78 SC 819, 2 LE2d 848), that the function of law enforcement is the prevention, not the manufacture, of crime, and it is for this reason that entrapment is listed in Code § 26-905 among the affirmative defenses as where the idea and intention originates with the government officer and he "by undue persuasion, incitement, or deceitful means, induces the accused to commit the act." There is no entrapment where the officer merely offers an opportunity to one ready to commit the offense. *Hill v. State,* 225 Ga. 117, 119 (166 SE2d 338). Where it appears that the entire plan and design of the offense originates with the government, and is effectuated by undue persuasion or deceitful means, however, there can be no conviction absent contradictory testimony. In *Harpe v. State,* 134 Ga. App. 493 (214 SE2d 738), unopposed testimony that a government agent gave the defendant drugs with instructions to sell them to two men who also were concealed agents under the guise of helping the former to trap criminals, could not support a conviction. Absent other circumstances, it is generally held that where an officer simply makes a request, as to purchase contraband, and there is ready compliance, the defense of

entrapment is unavailable. *Merritt v. State,* 110 Ga. App. 150, 152 (137 SE2d 917). Here Besley, one of the known incorporators of the business, offered two $50 bribes to the inspector without the money being requested. Besley did not testify but according to the inspector, he had informed Besley he thought money had been placed in by another source, naming this defendant, and he also stated that $1,000 would be a fair price for obtaining the license. Besley later called this officer, told him Thornton wanted to get in touch with him, and gave him a number to call Thornton, which he did, Thornton replying that he wanted to talk with him but could not do it over the telephone and arranging for the meeting. At that time he told Thornton his information indicated that the nominal owners of the club were fronting for him. He requested no money. Thornton nodded, took out $480 which he placed on the hood of the car "and said once the application was through that I would have another thousand on the way." The testimony raised a jury question on the issue of entrapment; the trial court did not err in refusing to direct a verdict as a matter of law in favor of this defense.

5. The court, after correctly defining entrapment in his charge, added: "Entrapment as asserted by the defendant in this case is an affirmative defense. Therefore, the defendant has the burden of proving by a preponderance of the evidence that he was entrapped into the commission of the crime. Preponderance of the evidence means such evidence as when weighed with that opposed to it has more convincing force and the greater probability of truth."

This court in *Moore v. State,* 137 Ga. App. 735 (224 SE2d 856) considered a similar jury instruction relating to the defense of coercion, and held it to be error as placing an undue burden on the defendant. The writer dissented at the time on the ground that we were bound by prior decisions of the Supreme Court approving like instructions. In *State v. Moore,* 237 Ga. 269, the Supreme Court reversed the Court of Appeals on certiorari on the ground that under the facts of that case the instruction was harmless error. It also held that "henceforth charges which place any burden of persuasion upon the defendant in criminal cases shall not be given and such charges will

be deemed erroneous and subject to reversal, absent harmless error and invited error." The Supreme Court then went on to state that "this conclusion is prospective and applies only to cases tried after the final date of this decision." Following *Moore,* supra, in *Davis v. State,* 237 Ga. 279, the Supreme Court refused to apply the ruling retroactively. We accordingly find no reversible error in the instructions given, but reiterate that in the future charges placing the burden of proof on the defendant by either a preponderance of evidence or beyond a reasonable doubt will be considered erroneous.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

SUBMITTED MAY 24, 1976 — DECIDED SEPTEMBER 8, 1976.

*Murray M. Silver, Paul T. O'Connor,* for appellant.
*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, Carole E. Wall, Thomas W. Hayes,* Assistant District Attorneys, for appellee.