## 62723. THURMOND v. THE STATE.

SOGNIER, Judge.

Thurmond appeals his conviction of selling Quaaludes, a controlled substance, on the general grounds. He also contends the trial court's charge on entrapment was incorrect.

1. Two female undercover police officers went to the B & L Warehouse in Athens, a nightspot known by the police for illegal drug activities. Jackie Davis, one of the undercover agents, was approached by appellant, who asked Davis to dance. She declined and appellant walked on by. About 30 minutes later Davis walked through the pool room and past the bar; in doing so, she passed appellant and said "hey, what are you doing?" Appellant replied "nothing, what are you doing?" Davis said "I am looking for some lubs, do you know where I could get any?" Appellant said he could set it up, and it would be $3.00 each for two "lubs." He then told Davis to give him the money and he (appellant) would get them for her. Davis got $6.00 from the other undercover agent and gave it to appellant. She then accompanied appellant up on the stage; appellant gave the $6.00 to a man named Gene Smith and received two white pills in return, which he gave to Davis. It was later determined that the two white tablets contained methaqualone, a controlled substance. Appellant presented no evidence.

Appellant appeals on the ground that the evidence is insufficient, as a matter of law, to sustain the verdict. This is the general ground, but appellant bases his argument under this

enumeration on the ground that he was entrapped into committing this offense when he had no predisposition to do so. We find ample evidence to support the jury's finding that the idea of committing this offense was not implanted in appellant's mind by Davis, but that appellant was predisposed to do so. Davis merely provided appellant with an opportunity to make a sale he was predisposed to make, and this does not constitute entrapment. *Orkin v. State,* 236 Ga. 176, 195 (8) (223 SE2d 61) (1976); *Benefield v. State,* 140 Ga. App. 727, 730 (2) (232 SE2d 89) (1976). As there was no entrapment, we further find as to the general ground that there was sufficient evidence to meet the standards necessary to support a finding of guilty set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court's charge to the jury on the defense of entrapment was erroneous because it included the following statement. "If you should find that the officers in this case simply made a request to purchase contraband and there was ready compliance on the part of the Defendant, the defense of entrapment is not available." While acknowledging that the language objected to was taken from the case of *Merritt v. State,* 110 Ga. App. 150, 152 (137 SE2d 917) (1964), appellant contends that such language was modified by *Thornton v. State,* 139 Ga. App. 483, 486 (228 SE2d 919) (1976). In *Thornton,* we stated: "*Absent other circumstances, it is generally held* that where an officer simply makes a request, as to purchase contraband, and there is ready compliance, the defense of entrapment is unavailable. *Merritt v. State,* 110 Ga. App. 150, 152 (137 SE2d 917)." (Emphasis supplied.) Appellant contends that the italicized portion of the language cited modified the rule set forth in *Merritt,* supra. We do not agree.

The phrase "absent other circumstances" merely refers to when the rule is applicable; it does not modify the rule. In other words the rule applies where, as here, the only action on the part of the police was the simple statement "I'm looking for some lubs, do you know where I could get any?" Davis did nothing else to induce appellant to commit the offense, such as badgering appellant, or pleading with him, or making promises to him in exchange for getting her some Quaaludes. Thus, there were no other circumstances and appellant's contention that the charge was not pertinent or adjusted to the facts is not supported by the transcript.

Appellant also contends that the trial court negated its original charge when, in response to a question from the jury as to what effect previous suspicion of appellant had on entrapment, the court stated that the applicability of the rule on entrapment did not depend on what prior knowledge the officer did or did not have. The court also told the jury: "The question again is not what the officers knew, but

who was the procuring cause of the commission of the crime."

Appellant argues that this charge is not a correct statement of the law, because the police must suspect that the person approached is engaged in unlawful criminal activity. Code § 26-905 defines entrapment as follows: ". . . Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer."

Appellant's argument, apparently, is that any action by the police is entrapment unless the person approached is suspected of criminal activity. However, we have found no law, statutory or otherwise, which so holds. While there are many instances where the police or undercover agents suspect a specific individual of criminal activity, there are also instances where the police suspect criminal activity at a specific location, but do not know what specific person or persons are engaged in such activities. See, for example, *Merritt,* supra. In *Merritt,* p. 152 we pointed out that "deceptive methods *for the detection of offenders* are important and necessary to suppress many criminal activities, *notably the sale of narcotics.*" (Emphasis supplied.) Thus, looking at the entire charge given the jury, rather than one sentence of the charge, the trial court informed the jury that the important question is who was the procuring cause of the crime. In other words, did the police unlawfully induce, persuade or incite an innocent person to commit a crime he would not otherwise commit, or did they merely provide an opportunity to a person (appellant) to commit an offense he already was predisposed to commit. This is the precise issue the jury must decide when entrapment is raised as a defense, and is a correct statement of the law. *Hill v. State,* 225 Ga. 117, 119 (166 SE2d 338) (1969). Thus, the trial court's explanatory statement was correct.

Finally, appellant contends that the court erred by stating that it could not comment on a juror's question as to whether it was important to consider if appellant's intent arose before or after the agent mentioned she was looking for Quaaludes. The court told the jury that it could not answer that question as it was "one of a larger bundle of facts that govern the question of entrapment," and while it was one of the significant factors in entrapment, it was not the key factor.

To put this issue in proper perspective, the transcript discloses that prior to making the statement complained of, the jury asked the court if they could ask a question and the court stated: "Yes, but I will have to be awfully careful in my answer not to go much further in a

paraphrase of what I have already said. If I can answer it, I will." After a question relating to suspicion of appellant (which we discussed above) and the court's response thereto, a juror asked the question concerning the importance of when appellant's intent arose. It was at this point that the court stated it could not comment on that question and made the statement complained of by appellant. Taken in context, rather than as an isolated statement, we find no error.

The trial court had charged the jury on three different occasions that if the idea of the undertaking was present in the mind of appellant and he was simply waiting for an occasion for it to be manifested, there would be no entrapment; i. e., if the appellant was predisposed to sell Quaaludes and the agent did no more than offer him the opportunity to do so, there was no entrapment. The key issue is not *when* a defendant becomes predisposed to commit an offense, but *whether* he is predisposed to commit an offense. Therefore, the court's statement that the question of when appellant's intent (predisposition) arose was significant, but was not a key factor, was correct. The appellant's intent or predisposition was a factual issue for determination by the jury, *Sheffield v. State,* 241 Ga. 245, 247 (244 SE2d 869) (1978); thus, the trial court was correct in refusing to answer the question as to when appellant's intent arose.

We have held previously that "where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cit.] There is no error where it is unlikely that the instructions considered as a whole would mislead a jury of ordinary intelligence." *Collins v. State,* 145 Ga. App. 346, 348 (4) (243 SE2d 718) (1978). Even in a case where an *incorrect* statement was made in a charge which had previously been given correctly several times, we held: "This incorrect phrase within an otherwise correct statement of law could not have misled the jury where they had previously heard the correct rule over and over again." *Leonard v. State,* 146 Ga. App. 439, 444 (5) (246 SE2d 450) (1978). Applying these rules to the instant case, we find nothing in the trial court's statement which would mislead a jury of ordinary intelligence, nor do we find anything in the charge as a whole which would be likely to confuse a jury. The verdict was amply supported by the evidence and, therefore, we will not disturb it. *Collins,* supra.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 12, 1982.

*Vicki C. Affleck, Jack H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.