## 64116. COLLINS v. THE STATE.

SOGNIER, Judge.
Sale of methaqualone and sale of marijuana.

1. Appellant contends the trial court erred by admitting the methaqualone and marijuana into evidence because the chain of custody was not complete. The evidence disclosed that Rice and Jarvis, undercover agents, bought methaqualone from appellant on one occasion and bought marijuana from him a few days later. On each occasion Rice put the contraband in a plastic bag and went immediately to his residence. On arrival, he put the contraband in an evidence bag with an evidence tag on it, filled out the paperwork to properly identify the evidence and placed it in his briefcase. The evidence remained locked in Rice's briefcase until he delivered it personally to the state crime laboratory a few days later.

Appellant argues that because the briefcase was left unattended at Rice's residence, several persons were in and out of the residence and the briefcase was unattended and unsecured, the contraband was subject to being tampered with or mixed up with other contraband. However, Rice testified that he initialed and dated each tablet, and Exhibit 1 was the bag containing the Quaalude (methaqualone) tablets he bought from appellant. Exhibit 2 was the two bags of marijuana initialed and dated by Rice which he turned over to the crime lab. The technician who analyzed the contraband kept it in her possession from the time Rice delivered it until she brought it to court the day of the trial. There was no evidence or testimony indicating that the evidence had been tampered with, or that anyone had tampered with the locked briefcase.

The burden that the state must carry to gain admission of evidence such as marijuana or methaqualone tablets is to show with reasonable certainty that the evidence is the same as that seized (in the instant case, purchased) and that there has been no tampering or substitution. *Johnson v. State,* 143 Ga. App. 169-170 (1) (237 SE2d 681) (1977); *Patterson v. State,* 224 Ga. 197, 199 (2) (160 SE2d 815) (1968). It is not necessary that the state negative all possibility of tampering, but only that it show it is reasonably certain there was no alteration, and when there is only bare speculation of tampering, it is proper to admit the evidence and let whatever doubt remains go to its weight. *Meadows v. State,* 135 Ga. App. 758, 760 (219 SE2d 174) (1975); *Johnson,* supra; *Allums v. State,* 161 Ga. App. 842 (288 SE2d 783) (1982). Applying these rules to the instant case, we find no error in the admission of the methaqualone tablets and the marijuana.

2. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal, because he was entrapped into selling the Quaaludes and marijuana to Rice.

Appellant testified that he sold the Quaaludes and marijuana to Rice, but would not have sold anything to Rice if he (appellant) had not been approached by Rice. Rice testified that he approached appellant in a restaurant and asked him if he knew where Rice could buy some "ludes" (the street name for Quaaludes). Appellant replied "you are looking at them," and when Rice asked the price, appellant stated it was $3.00 per tablet. He also told Rice it would be $210 for 100 tablets, plus $15 for appellant for getting the tablets. After talking a while longer, *appellant* asked Rice if he would be interested in buying any pot (marijuana), and appellant quoted a price of $1500 for five pounds of marijuana. Rice declined at the time, but said he would buy five Quaaludes which appellant sold to Rice after they both went outside and drove their cars behind the restaurant at appellant's direction. A few days later Rice saw appellant at a shopping mall and asked him if he had any Quaaludes that Rice could buy. Appellant said no, but he had some pot he would sell to Rice for $40 an ounce. They then drove in separate cars to a park and after examining the marijuana Rice bought two plastic bags of marijuana from appellant for $40.

Although appellant contends he was entrapped into making these sales, it is apparent that Rice did no more than ask appellant if he knew where he could get some "ludes"; appellant immediately offered to sell them and also volunteered to sell some marijuana to Rice. Thus, there is ample evidence to support the jury's finding that the idea of committing these offenses was not implanted in appellant's mind by Rice, but that appellant was predisposed to do

so. Rice merely provided appellant with an opportunity to make sales he was predisposed to make, and this does not constitute entrapment. *Orkin v. State,* 236 Ga. 176, 195 (8) (223 SE2d 61) (1976); *Thurmond v. State,* 161 Ga. App. 602 (288 SE2d 780) (1982). Further, a defendant's testimony as to entrapment, even if unrebutted by any other witness to the alleged misconduct, will not entitle him to a directed verdict of acquittal unless that unrebutted testimony, together with all reasonable deductions and inferences therefrom, demands a finding that entrapment occurred. *State v. Royal,* 247 Ga. 309, 310 (275 SE2d 646) (1981). Since appellant's testimony did not demand a finding that entrapment occurred, the trial court did not err in denying appellant's motion for a directed verdict of acquittal.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 14, 1982.

*M. Lynn Young,* for appellant.

*Jeff C. Wayne, District Attorney, Christopher J. Walker III, Assistant District Attorney,* for appellee.