## 65648. SIBLEY v. THE STATE.

DEEN, Presiding Judge.

Ralph Sibley appeals from his conviction of violating the Georgia Controlled Substances Act following the denial of his motion for a new trial.

1. The trial court did not err in failing to charge the jury on the defense of entrapment as the evidence did not warrant such a charge. The undercover police officer testified that a confidential informant told him that Sibley had a quantity of Quaaludes for sale. The officer instructed the informant to set up a sale and a meeting was arranged. The meeting took place in a restaurant parking lot and as soon as the sale of 1,500 capsules of Quaaludes was completed the defendant was

arrested. The defendant did not testify at trial and only entered a general denial of guilt by his plea of not guilty.

Sibley's reliance upon *Gregoroff v. State,* 248 Ga. 667 (285 SE2d 537) (1982) is misplaced. In that case the defendant, a physician, refused to admit that he had committed a crime and claimed that he had given the undercover officer prescriptions for valid medical reasons. The evidence showed that the officer had repeatedly asked for the prescriptions for weight control purposes and had been refused several times before the doctor finally wrote the prescriptions. The court held that the introduction of evidence of entrapment by the state entitled the defendant to a charge on entrapment and that he was not required to admit the crime under such circumstances.

" 'Entrapment exists where the idea and the intention to commit the act originate with a police officer, who, by undue persuasion and deceitful means, induces the defendant to violate the law. But there is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense.' *Hill v. State,* 225 Ga. 117, 119 (166 SE2d 338) (1969)." *Orkin v. State,* 236 Ga. 176, 195 (223 SE2d 61) (1976). As in both *Thurmond v. State,* 161 Ga. App. 602 (288 SE2d 780) (1982) and *Collins v. State,* 163 Ga. App. 494 (294 SE2d 721) (1982), the idea of selling illegal drugs was not planted in the defendant's mind by the undercover officer; he was predisposed to make such a sale and the officer merely provided the opportunity. All the evidence in the instant case showed that the defendant was ready and even eagerly willing to make the drug sale.

2. It was not prejudicial error to permit the state to have the undercover officer testify as to the general need to use informants in drug investigations. Defense counsel extensively cross-examined the officer as to his relationship with the informant and the informant's role in the arrest. As the defense made an issue of the role of the informant, the question on redirect was relevant. The officer was merely asked the reason for the use of such informants. The second question as to how many drug buys the officer would be able to make if the suspects knew he was a police officer was purely speculative, and the objection to such a question was properly sustained.

3. The court did not err in charging the jury as to the definition of a sale following their request for such a charge. The defendant contends that the court did not further charge that the state had the burden of proving the sale. An examination of the transcript shows that subsequent to giving the requested charge the court cautioned the jury that the recharge was to be considered as part of the entire charge and was not to be singled out and given any particular emphasis. In the original charge, the court explained that the state

had the burden of proving each element of the offense. It is within the sound discretion of the court as to whether to recharge the jury in full or only upon the point requested by the jury. *Dyson v. State,* 155 Ga. App. 297 (270 SE2d 711) (1980).

4. It was not error for the trial court to give the jury an "Allen" or "dynamite" charge after it had deliberated for an afternoon and part of the next day before informing the court that it was unable to reach a verdict. The court inquired as to whether the problem was a factual or a legal problem. After being informed that it was factual, the court gave the charge. The decision to give such a charge is within the discretion of the court. *Griner v. State,* 162 Ga. App. 207 (2) (291 SE2d 76) (1982); *Thornton v. State,* 145 Ga. App. 793 (245 SE2d 22) (1978). We find no abuse of the court's discretion. The charge as given tracks the language approved in *Spaulding v. State,* 232 Ga. 411 (207 SE2d 43) (1974).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 16, 1983 —
REHEARING DENIED MARCH 31, 1983 —

*Samuel H. Harrison, G. Hughel Harrison,* for appellant.
*W. Bryant Huff, District Attorney, Stephen E. Franzen, Assistant District Attorney,* for appellee.