## 66433. WHITE v. THE STATE.

SOGNIER, Judge.

Appellant was convicted on two counts of violation of the Georgia Controlled Substances Act. He appeals (1) on the general grounds. He also contends the trial court erred (2) by admitting methaqualone tablets into evidence without a showing that appellant was in possession thereof, and (3) by failing to instruct the jury on entrapment.

The evidence disclosed that two undercover narcotics agents, Tucker and Rosemas, went to the trailer of a man named Tony. Tony, his wife, appellant and Cathy Rucker were in the trailer. Rucker left the trailer and returned with a small suitcase, which she placed on the floor. After giving a ring of keys to appellant Rucker and Tony's wife departed. Appellant put the suitcase on the kitchen table and Agent Rosemas asked if he could see the "stuff." Appellant opened the suitcase and showed Rosemas a package containing a green leafy

substance. Rosemas stated he had to get his money out of his car and went outside, where he signalled other police officers to raid the trailer. The police entered the trailer and arrested all occupants. The suitcase on the table contained just under one pound of marijuana and over three thousand methaqualone tablets.

1. Appellant contends that the state did not establish that the methaqualone tablets were in his possession, and that the state did not meet its burden of establishing that appellant was not entrapped. These contentions are without merit.

Appellant was the individual who picked up the suitcase, put it on the table, opened it, and showed Rosemas the marijuana he purportedly was going to buy. The methaqualone tablets were in the same suitcase. Thus, the tablets were clearly in appellant's possession and under his control. Further, there was no evidence of entrapment. White did not even mention marijuana or methaqualone, and the only thing Rosemas did was to ask to see "the stuff." "Absent other circumstances, it is generally held that where an officer simply makes a request, as to purchase contraband, and there is ready compliance, the defense of entrapment is not available." *Griffin v. State,* 154 Ga. App. 261, 264 (3) (267 SE2d 867) (1980). Applying that principle to the instant case, there was no evidence of entrapment and the state had no burden of proving that appellant was not entrapped.

We find the evidence sufficient to support the verdict, and find further that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

Since the evidence established that appellant was in possession of the methaqualone tablets, it follows that it was not error to admit the tablets into evidence over an objection that the state had not shown they were in appellant's possession.

2. Appellant contends the trial court erred by failing to charge the jury on entrapment when the state's evidence raised that issue. We held in Division 1 that the state's evidence did not raise the issue of entrapment. The entrapment defense focuses on the intent and predisposition of the defendant to commit the crime as well as on the conduct of government officers. *Griffin,* supra at 263 (2). The only actions taken by the undercover agents in this case were to enter the trailer, where Rosemas asked to see the "stuff." Appellant's immediate response by opening the suitcase and showing Rosemas almost a pound of marijuana makes it clear that appellant was predisposed to commit the offense. Since the issue of entrapment was not raised by the state's evidence and appellant presented no evidence, the trial court did not err by failing to instruct the jury on entrapment. *Anderson v. State,* 163 Ga. App. 603, 604 (4) (295 SE2d

564) (1982).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

Decided October 5, 1983 —
Rehearing denied October 26, 1983 — ▮▮▮▮▮▮▮

*Billy L. Spruell,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.