A92A2004. ADAMS v. THE STATE.
(427 SE2d 90)

COOPER, Judge.

Appellant was convicted by a jury on two counts of selling cocaine and appeals his conviction and sentence.

The evidence adduced at trial showed that on June 14, 1991, an undercover agent with the Southeast Georgia Drug Task Force was introduced to appellant by a confidential informant at a place called Cat's Club in Vidalia. The agent testified that he asked appellant if he had any cocaine; that appellant asked him what he needed; that he told appellant he wanted a piece of rock cocaine worth $10; and that appellant then said, "We can do business." The agent and appellant spoke first outside the club where they met, went inside the club briefly and then went to the agent's car where they drank some beer together, and the sale of cocaine took place. At one point appellant asked the agent if he was the police, and the agent answered "no." Appellant showed no reluctance to sell the cocaine, and when the agent mentioned he might want more later, appellant responded, "Just come back and see me, man." This sale outside Cat's Club occurred at approximately 9:30 or 10:00 p.m. Several hours later, at a little after 1:00 a.m. on June 15, 1991, the agent again saw appellant outside another nightclub called Bell's. Again the agent and appellant drank beer together, and the agent purchased another, larger piece of cocaine for $20. Appellant testified and denied selling drugs to the agent or ever having seen him prior to the proceedings in this case.

1. Appellant first contends that the trial court erred in failing to charge the jury on entrapment. See OCGA § 16-3-25. Even though appellant denied committing the charged offenses, he was entitled to a charge on entrapment if the State's evidence raised an entrapment

defense. *Gregoroff v. State*, 248 Ga. 667 (285 SE2d 537) (1982). "The entrapment defense consists of the following three distinct elements: '(1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. (Cits.)' [Cit.]" *Wilkey v. State*, 203 Ga. App. 1 (416 SE2d 350) (1992). " ' "[T]here is no entrapment where the [agent] merely furnishes an opportunity to a defendant who is ready to commit the offense." [Cit.]' [Cit.]" *Sibley v. State*, 166 Ga. App. 142, 143 (1) (303 SE2d 465) (1983). In this case, the state agent testified that he asked appellant for cocaine. However, " '[a]bsent other circumstances, it is generally held that where an officer simply makes a request, as to purchase contraband, and there is ready compliance, the defense of entrapment is not available.' [Cit.]" *White v. State*, 168 Ga. App. 609, 610 (1) (309 SE2d 848) (1983). That the agent used an informant to introduce him to appellant, denied being a police officer and shared beer with appellant to engender his trust were not circumstances which, either alone or in conjunction with the agent's request for drugs, were sufficient to give rise to an entrapment defense. See *Lester v. State*, 174 Ga. App. 886 (3) (332 SE2d 31) (1985); *Sibley v. State*, supra; *Diana v. State*, 164 Ga. App. 779 (2) (298 SE2d 281) (1982). Accordingly, the State's evidence did not raise an entrapment defense, and the trial court did not err in failing to charge the jury on entrapment. See *Edmondson v. State*, 201 Ga. App. 566 (411 SE2d 879) (1991).

2. In his second enumeration of error, appellant argues that the two cocaine sales were merely two parts of a single transaction and thus support only one count of selling cocaine. This argument is without factual basis, as the two sales were independent of each other, occurring several hours apart and in different locations. The cases cited by appellant hold that defendants cannot be convicted and punished for both possession and sale based on evidence of a single transaction and are thus inapposite.

3. Appellant also argues that the trial court improperly restricted his cross-examination of the agent concerning the identity of the confidential informant. Because the informant merely introduced the agent to appellant, disclosure of his identity was not required, and the trial court did not err in sustaining the State's objection to questions aimed at disclosing his identity. *Pennyman v. State*, 175 Ga. App. 405 (2) (333 SE2d 659) (1985). Appellant's assertion that he is entitled to know the identity and characteristics of the confidential informant because the agent's identification of appellant as the seller of cocaine is based solely or primarily on the informant's introduction of appellant to the agent as "Mr. Adams" is belied by the agent's positive in-court identification of appellant as the man from whom he purchased

cocaine. " '[C]ross-examination of witnesses is a matter within the control and discretion of the trial court and it will not be interfered with unless such discretion is manifestly abused. (Cits.)' [Cit.] This record discloses no such abuse. [Cit.]" *Tomlin v. State*, 170 Ga. App. 123, 124 (2) (316 SE2d 570) (1984).

4. As related above, the evidence presented at trial was sufficient to allow rational jurors to find appellant guilty of two counts of selling cocaine beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 15, 1993.

*Sarah M. Tipton-Downie*, for appellant.

*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney*, for appellee.